UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:17-CR-285(AWT) |
| | : | |
| vs. | : | VIOLATIONS |
| | : | 21 U.S.C. § 846 |
| WILLIAM FUSCO | : | (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances) |
| | : | |
| | : | 21 U.S.C. § 843(a)(7) |
| | : | (Unlawful Importation of a Tableting Machine) |

### INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

1. From in or about May 2016, to in or about June 2017, in the District of Connecticut and elsewhere, the defendant WILLIAM FUSCO did, knowingly and intentionally, conspire, combine, confederate, and agree with Jason Chen and others unknown to the United States Attorney, to distribute and to possess with intent to distribute (a) a mixture and substance containing a detectable amount of anabolic steroids, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(E)(i); and (b) a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(b)(2).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Unlawful Importation of a Tableting Machine)

2.  In or about June 2017, the defendant WILLIAM FUSCO did, knowingly and intentionally, import from China into the District of Connecticut a tableting machine, knowing, intending, and having reasonable cause to believe that it would be used to manufacture alprazolam pills, a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 843(a)(7).

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

3.  Upon conviction of the controlled substance offense alleged in Count One of this Information, the defendant WILLIAM FUSCO shall forfeit to the United States all right, title and interest in any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the violation alleged in this Information, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offense, including but not limited to the following:

   a) One Kahr Pistol bearing serial number IQ8747
   b) Ammunition from the Kahr 9mm Pistol
   c) One XDM Springfield Pistol bearing serial number MG896959
   d) Magazines from the Springfield XDM 9mm Pistol
   e) One Heritage Pistol bearing serial number C69585
   f) One F1 Rifle bearing serial number 120-02478
   g) Magazines from the F1 Rifle
   h) One Glock Pistol 9mm bearing serial number ABRV975
   i) Magazines and ammunition from the Glock 9mm Pistol
   j) One Remington Pistol .380 bearing serial number RM006542C
   k) Magazines and Ammunition from the Remington .380
   l) One Smith and Wesson Revolver .38 bearing serial number CPJ7017
   m) Ammunition from the Smith and Wesson .38 revolver

      n) One Glock 27 Pistol bearing serial number HBK051
      o) Magazines from the Glock 27 .40 Caliber pistol
      p) Five Thumb Drives
      q) One Large Hard Drive
      r) One Small Hard Drive
      s) One PlayStation Gaming system
      t) One X-Box gaming system
      u) One iPhone 4 with white case
      v) One iPhone 4 color black and silver (no case)
      w) One Google Cell phone with Captain America Case
      x) One Pink Laptop
      y) One Verizon Ellipsis Tablet
      z) One iPad
      aa) One Asus Laptop
      bb) One Black Laptop and Ledger Nano 5 (Bitcoin Wallet)
      cc) One White iPod
      dd) One Go Pro Camera
      ee) One Samsung Galaxy S8 Plus cell phone
      ff) $23,819.38 which was the value of his Bitcoin account prior to being transferred following his arrest; and
      gg) $42,448 seized from his home on the date of his arrest.

4. If any of the above-described forfeitable property, as a result of any act or omission of the said defendant named in this Information: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY