

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203)821-3700*
*Fax (203) 773-5376*
*www.justice.gov/usao/ct*

December 19, 2017

FILED
2017 DEC 19 PM 12 00
U.S. DISTRICT COURT
NEW HAVEN, CT.

Evan T.L. Hughes, Esquire
Hughes Firm, LLC
1845 Walnut Street
Suite 932
Philadelphia, PA 19103

Re: United States v. William Fusco
Case No. 3:17-CR-285 (AWT)

Dear Attorney Hughes:

This letter confirms the plea agreement between your client, William Fusco (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

William Fusco agrees to waive his right to be indicted and to plead guilty to a two-count information charging him in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(b)(1)(E)(i) and 841(b)(2) and in Count Two with Unlawful Importing of a Tableting Machine, in violation of 21 U.S.C. § 843(a)(7) ~~and 18 U.S.C. § 2.~~ VR EH WF

**COUNT ONE**

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. From May 2016 to June 2017, a conspiracy, i.e., an agreement, existed between two or more persons to possess with intent to distribute and to distribute controlled substances as charged in Count One of the Information; and
2. The defendant knowingly and intentionally agreed to participate in the conspiracy.

**COUNT TWO**

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. In June 2017, the defendant imported a tableting machine;
2. The tableting machine could be used to manufacture a controlled substance; and
3. The defendant knew and intended that the tableting machine would be used to manufacture a controlled substance.

**THE PENALTIES**

Count One

This offense carries a maximum penalty of 10 years of imprisonment and a $500,000 fine Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least two years and as much as life. 21 U.S.C. § 841(b)(1)(E)(i). The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) the amount specified in the section defining the offense which is $500,000.

Count Two

This offense carries a maximum penalty of 4 years of imprisonment and a $250,000 fine Moreover, any sentence of incarceration under this provision may also include a term of supervised release of no more than one year. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to one year per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, which totals in this case $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Forfeiture

Pursuant to 21 U.S.C. § 853(a), the defendant agrees to forfeit to the United States his interest in the following property, which is listed in the Forfeiture Allegation of the Information, all of which was seized from the defendant on the date of his arrest:

**GUNS AND MAGAZINES:**

1. EXHIBIT # N-45: One Kahr Pistol bearing serial number IQ8747
2. EXHIBIT # N-46: Ammunition from N-45 (Kahr 9mm Pistol)
3. EXHIBIT # N-47: One XDM Springfield Pistol bearing serial number MG896959
4. EXHIBIT # N-48: Magazines from Springfield XDM 9mm Pistol (N-47)
5. EXHIBIT # N-49: One Heritage Pistol bearing serial number C69585
6. EXHIBIT # N-51: One F1 Rifle bearing serial number 120-02478
7. EXHIBIT # N-52: Magazine from F1 Rifle (N-51)
8. EXHIBIT # N-53: One Glock Pistol 9mm bearing serial number ABRV975
9. EXHIBIT # N-54: Magazine and ammunition from Glock 9mm Pistol (N-53)
10. EXHIBIT # N-55: One Remington Pistol .380 bearing serial number RM006542C
11. EXHIBIT # N-56: Magazines and Ammunition from Remington .380 (N-55)
12. EXHIBIT # N-57: One Smith and Wesson Revolver .38 bearing serial number CPJ7017
13. EXHIBIT # N-58: Ammunition from Smith and Wesson .38 revolver (N-57)
14. EXHIBIT # N-59: One Glock 27 Pistol bearing serial number HBK051
15. EXHIBIT # N-60: Magazine from Glock 27 .40 Caliber pistol (N-59)

**ELECTRONICS:**

1. EXHIBIT # N-44: Three Thumb Drives
2. EXHIBIT # N-71: Large Hard Drive
3. EXHIBIT # N-72: Small Hard Drive
4. EXHIBIT # N-73: PlayStation Gaming system
5. EXHIBIT #N-74: X-Box gaming system
6. EXHIBIT # N-75: iPhone 4 with white case
7. EXHIBIT # N-76: iPhone 4 color black and silver (no case)
8. EXHIBIT # N-77: Google Cell phone with Captain America Case
9. EXHIBIT # N-78: Pink Laptop
10. EXHIBIT # N-79: Verizon Ellipsis Tablet
11. EXHIBIT # N-80: iPad
12. EXHIBIT # N-81: Asus Laptop
13. EXHIBIT # N-82: 2 Thumb Drives
14. EXHIBIT # N-83: Black Laptop and Ledger Nano 5 (Bitcoin Wallet)
15. EXHIBIT # N-84: White iPod
16. EXHIBIT # N-85: Go Pro Camera
17. EXHIBIT # N-86: Samsung Galaxy S8 Plus cell phone

Additionally, the defendant agrees to forfeit any and all interest in any and all cryptocurrency accounts as well as $23,819.38 that was maintained in his Bitcoin account prior to being transferred following his arrest and $42,448 seized from his home on the date of his arrest.

The defendant acknowledges that the property described above is forfeitable as property that represents the proceeds of, or was used to facilitate the commission of, the narcotics violation in Count One of the Information. The defendant agrees to waive all interests in this asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of asset is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above listed asset covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the

defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Count One

Pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(c)(13) and note 8 to § 2D1.1, the base offense level is 16 because the defendant conspired to possess at least 213,868 pills consisting of a mixture

and substance containing alprazolam (a schedule IV substance, which converts to 13, 366.75 grams of marijuana) and 26,040 units of a mixture and substance containing anabolic steroids (a schedule III substance, which converts to 26,040 grams of marijuana), resulting in an aggregate amount of 39 kilograms of marijuana.

The government contends that two levels are added pursuant to U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a dangerous weapon. The defendant admits to maintaining firearms in his home, but reserves his right to argue the inapplicability of this guideline.

Two more levels are added pursuant to U.S.S.G. § 2D1.1(b)(7) because the defendant distributed a controlled substance through mass-marketing by means of an interactive computer service.

Two more levels are added pursuant to U.S.S.G. § 2D1.1(b)(12) because the defendant maintained premises for the purpose of manufacturing a controlled substance.

Two more levels are added pursuant to U.S.S.G. § 3B1.1 because the defendant was an organizer, leader, manager or supervisor of the criminal conduct.

Under the government's theory, the resulting adjusted offense level would be 24. If the defendant were to prevail with respect to the gun enhancement, the resulting adjusted offense level would be 22.

Count Two

Pursuant to U.S.S.G. § 2D1.12, the base offense level is 12 because the defendant intended to manufacture a controlled substance with the imported and prohibited pill press.

Two levels are added pursuant to U.S.S.G. § 2D1.1(b)(7) because the defendant distributed a controlled substance through mass-marketing by means of an interactive computer service.

Two levels are added pursuant to U.S.S.G. § 3B1.1 because the defendant was an organizer, leader, manager or supervisor of the criminal conduct.

The resulting adjusted offense level would be 16.

Combined Offense Level

Pursuant to U.S.S.G. § 3D1.4, the highest base offense level is either 24 or 22 for Count One, which is one unit. Because the difference between the base offense levels are between five and eight levels apart, half a unit is assigned to Count Two. Thus, there are one and a half units in the combined offense level, resulting in an additional point pursuant to U.S.S.G. § 3D1.4(b). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total adjusted offense level of either 22 or 20.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 22, assuming a Criminal History Category I, would result in a range of 41 to 51 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3). A total offense level 20, assuming a Criminal History Category I, would result in a range of 33 to 41 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3). Under either scenario, the defendant is also subject to a supervised release term of at least two years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 51 months of imprisonment, a life-time term of supervised release, a fine of $150,000, $200 special assessment, and forfeiture as delineated herein even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the distribution of Xanax and anabolic steroids and importing of pill press machines during the dates listed in the Information, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

WILLIAM FUSCO
The Defendant

12/19/17
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

EVAN HUGHES, ESQ.
Attorney for the Defendant

12/19/17
Date

**STIPULATION OF OFFENSE CONDUCT**

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

From at least May 2016 to June 2017, the defendant knowingly and willingly conspired with others, including but not limited to Jason Chen, to possess with intent to distribute and to distribute controlled substances, namely, a mixture and substance containing alprazolam and a mixture and substance containing anabolic steroids. As part of the conspiracy, the defendant conspired to distribute more than 213,000 counterfeit Xanax pills and more than 26,000 units of anabolic steroids. The defendant advertised the sale of and sold these controlled substances on various dark web markets. He used his home and Chen's home as drug processing plants. He further maintained numerous firearms at his home alongside his controlled substances and the profits from his drug trafficking. In furtherance of this conspiracy, the defendant in June 2017 knowingly and intentionally imported a tableting machine so as to press Xanax pills for distribution. The defendant was an organizer and leader of the drug distribution conspiracy, directing others including but not limited to Chen, to ship controlled substances to his customers.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

WILLIAM FUSCO
The Defendant

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY

EVAN HUGHES, ESQ.
Attorney for the Defendant