IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

                    3:17-CR-00285

 V.

                    Honorable Alvin W. Thompson

WILLIAM FUSCO

**DEFENSE SENTENCING MEMORANDUM ON BEHALF OF WILLIAM FUSCO**

William Fusco stands before this Honorable Court having pleaded guilty pursuant to a plea agreement, to a two-count information charging conspiracy to possess with intent to distribute controlled substances in violation of 21 USC §846, §841 and the unlawful importing of the tablet machine in violation of 21 USC §843. The presentence report prepared in this matter correctly states the total offense level as 19 resulting in a guideline range of 30 to 37 months incarceration and defendant raises no objection or correction thereto.

**Procedural History**

William Fusco was arrested on June 16, 2017 in the Eastern District of Pennsylvania and has been on pretrial release without incident since June 20, 2017. Mr. Fusco entered the above-mentioned plea of guilty on December 19, 2017.

**History and Character**

William Fusco was born and raised in Philadelphia Pennsylvania where he and his family continue to reside. Mr. Fusco attended Catholic school and was an honor roll student and is

generally described by friends and family as being very bright. Mr. Fusco did attend some college and Mr. Fusco is a trained tradesman. He was an electrician with the Local Union 98, until he was injured and unable to complete his work duties.

Mr. Fusco's parents, Peter and Patricia have been married for 34 years as stated in the PSI and his father (age 73) owner of the family business, A pool hall and recreation center, for which Mr. Fusco works and acts as an assistant manager.  Mr. Fusco has worked at the family business in some capacity for over 15 years, and is the primary operator. While it has not always been so, currently the family business is doing well and Mr. Fusco's role and importance at that the business has increased overtime as his father approaches retirement.  Starting in 2015, Mr. Fusco took on a more meaningful role at the business, and due to the success of the business and his participation, was able to start drawing a salary. The salary Mr. Fusco is paid as an assistant manager of the family business is Mr. Fusco's, and his immediate family's, sole source of income and financial support for his wife and daughter (age 11).

Despite the instant offense, Mr. Fusco is a positive and stabilizing force in both his wife and daughter's lives and is described by his family as a good father who is loving, caring, and supportive. The support he provides his family is demonstrated by the care and support he contributes to his wife who struggles with mental health issues and is diagnosed with a borderline personality disorder. A letter from mr. Fusco's wife's treating physician detailing her mental health issues and her need for the support provided by Mr. Fusco will be provided to the court upon receipt by counsel.

Mr. Fusco acts as a father figure and parent to his daughter by helping her with schoolwork and supporting her in her very active participation in gymnastics.  Mr. Fusco's very active role in his daughter's life has been clearly demonstrated even in this very case by the

number of bail modifications for the temporary removal of travel restrictions so that he could take his daughter to numerous gymnastics and cheering competitions.

### Post-BOOKER SENTENCING

The sentencing guidelines are advisory and are only one factor in determining the appropriate sentence.  Per U.S. v. Booker, the Court can only consider the guidelines, but the guidelines have no presumptive reasonableness and the Court need not make any extraordinary findings to impose a non-guideline sentence.  It is respectfully suggested that this Court should consider the the following factors when preparing to sentence Mr. William Fusco.

Section 3553(a)'s sentencing mandate require this Court to impose a sentence "sufficient, but not greater than necessary," to accomplish the four purposes of sentencing set forth in Section 3553(a)(2)--retribution, deterrence, incapacitation, and rehabilitation.  18 U.S.C. §3553(a); *Kimbrough*, 128 S. Ct. at 570; *Rita,* 127 S. Ct. at 2467 (parsimony provision is a "requirement' of Section 3553(a)(2).

In Mr. Fusco's case, retribution, deterrence, incapacitation and rehabilitation are all accomplished by a sentence below the guideline range.  The deterrent effect of this arrest and conviction is clear and convincing, Mr. Fusco's acceptance of responsibility, cooperation in admitting his own criminal conduct, and his good behavior while on supervised release all demonstrate his amenability to supervision.  In determining the sentence minimally sufficient to accomplish the purpose of sentencing, the Court must consider several "factors" listed in Section 3553(a):

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for the sentence imposed;
3) The kinds of sentence available;

4) The sentencing range established by the guidelines;
5) Any pertinent policy statements by the Sentencing Commission;
6) The need to avoid unwarranted sentencing disparity; and,
7) The need to provide restitution where applicable.

This defendant falls within a criminal history category of I.  Mr. Fusco has a criminal history score of zero and as outlined in the Presentence Report, has had no criminal convictions, no pending charges, and no other previous arrests.

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The facts of this case were accurately described in the presentence report.  It should be additionally noted however, that while producing the substances that he is charges with, Mr. Fusco took significant steps to ensure that the compounds were correctly and safely made and had the materials analyzed by laboratories to ensure they were safe for consumption and the at stated potency levels.  While Mr. Fusco's conduct was criminal in nature, he has demonstrated that he did not completely disregard the public's safety during the commission of the instant offenses.

**THE NEED FOR THE SENTENCE IMPOSED**

The Court must consider the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and, (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18. U.S.C. §3553(a)(2).  Most notably, however, th sentence imposed must be *sufficient, but not greater than necessary,* to comply with these objectives.  18 U.S.C. §3553(a) [emphasis added].

> **Reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

Mr. Fusco recognizes the seriousness of his actions and has taken all available steps to make amends for his conduct to date.  Mr. Fusco recognizes that there will be continued consequences of his actions and that these consequences are a direct result of his own choices and criminal conduct and that he must be punished for his actions.  However, counsel for defendant respectfully submits that a downward variance from the guidelines is appropriate and would achieve the court's goals in fashioning a just sentence. The potential limitations imposed by the sentencing guidelines was also reflected in the PSI which discussed Mr. Fusco's lack of criminal and custodial history and suggested that the Court may wish to consider whether or not the guidelines range is "more than necessary" to meet the purposes of sentencing.

**Afford adequate deterrence to criminal conduct and Protect the public from further crimes**

Deterrence in this case has already been established and achieved.  Mr. Fusco pleaded guilty and accepted responsibility for the crimes charged.  The strain the instant case has placed upon his family and the threat of incarceration has provided a significant deterrent for the defendant to not commit additional crimes and as previously stated, during his lengthy period of pretrial supervision he has not committed any additional crimes or infractions.

**His Family Ties and Responsibilities**

Mr. Fusco's family situation is well outlined in the prepared Pre-Sentence Report.  Mr. Fusco's wife Daina and her Daughter, Jada Rae Fusco depend heavily upon him for financial, medical, psychological, as well as emotional support.  William Fusco legally adopted Jada Dae Fusco, Daina Fucsoc's biological daughter and provides for her support and as stated Mr. Fusco is the sole means of financial support.  Other than Mr. Fusco, his wife Diana is

responsible for the care of Jade Fusco which poses its own potential risks and hardship to the family. Given Mr. Fusco's role as an important source of support to his wife in the context of her mental health issues, his critical role as a parent to Jade is amplified and rises to the level of indispensable which has been recognized by the court as a basis for a downward variance.  Mr. Fusco is indeed critical to Jada's well-being and there is not another family member able to fill his shoes in this role. *United States v. Spero*, 382 F.3d 803 (8th Cir. 2004) (a situation in which one parent is critical to a child's well-being qualifies as an exceptional circumstance justifying a downward departure); *United States v. Leon*, 341 F.3d 928 (9th Cir. 2003) (affirming the district court's departure based on defendant's indispensable role in caring for his wife).

      For the aforementioned reasons, it is respectfully respectfully requested that this Honorable Court grant Mr. Fusco a downward variance pursuant to 18 U.S.C. §3553(1)(1) and sentence him to a below-guideline non-custodial sentence.

Respectfully submitted,

/s/

_____

Evan T.L. Hughes, Esquire